UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------x

UNITED STATES OF AMERICA

v.

MATTHEW ADAM ROTHMAN,

Defendant

------------------------------------x



Criminal No.:

10 CRIM 200

Violations: 15 U.S.C. § 1
18 U.S.C. § 371
18 U.S.C. § 1343

## PLEA AGREEMENT

The United States of America and the defendant Matthew Adam Rothman hereby enter into the following plea agreement ("Agreement") pursuant to Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure ("Fed. R. Crim. P.").

### AGREEMENT TO PLEAD GUILTY AND WAIVE CERTAIN RIGHTS

1. Matthew Adam Rothman ("Rothman") agrees to waive indictment pursuant to Fed. R. Crim. P. 7(b), and plead guilty to each count of a three-count Information, in the form attached, in the United States District Court for the Southern District of New York, in which Rothman is charged with one count of violating 15 U.S.C. § 1, in connection with a conspiracy to allocate and rig bids for investment agreements or other municipal finance contracts, from at least early 2001 until at least November 2006; one count of violating 18 U.S.C. § 371, in connection with a conspiracy to defraud municipal issuers, the United States and the Internal Revenue Service, from at least as early as August 2001 until at least November 2006; and one count of violating 18 U.S.C. § 1343,

in connection with using a wire transfer in furtherance of a scheme to defraud municipal issuers. In connection with this guilty plea, Rothman also agrees to waive any defenses based on the statute of limitations.

## DEFENDANT'S COOPERATION

2. Rothman will continue to cooperate fully and truthfully with the United States in the prosecution of this case, the conduct of the current federal investigation of violations of federal antitrust and related criminal laws involving investment agreements or other municipal finance contracts, as well as any other federal investigation resulting therefrom, and any litigation or other proceedings arising or resulting from any such investigation to which the United States is a party (collectively referred to herein as "Federal Proceeding"). The ongoing, full, and truthful cooperation of Rothman shall include, but not be limited to:

(a) Rothman agrees to produce to the United States all documents, information, and other materials, including any personal documents, in the possession, custody, or control of Rothman that may be requested by the United States in connection with any Federal Proceeding;

(b) Rothman agrees to make himself available for interviews with the attorneys and agents of the United States at the New York Office of the Antitrust Division, or at other mutually-agreed upon locations, upon the request of attorneys and/or agents of the United States;

(c) Rothman agrees to bring to the attention of the United States all crimes which he has committed, and all administrative, civil, and/or criminal proceedings, investigations, or prosecutions in which he, to his knowledge, is or has been a subject, target, party, or witness;

(d) Rothman agrees to respond fully and truthfully to all inquiries of the United States in connection with any Federal Proceeding, without falsely implicating any person or intentionally withholding any information, subject to the penalties of making false statements (18 U.S.C. § 1001) and obstruction of justice (18 U.S.C. § 1503, *et seq.*);

(e) Rothman agrees upon the request of the United States, to voluntarily provide the United States with any materials or information, not requested in (a)-(c) of this paragraph, that may relate to any such Federal Proceeding;

(f) Rothman, when called upon to do so by the United States in connection with any Federal Proceeding, will testify in grand jury, trial, and other judicial proceedings fully, truthfully and under oath, subject to the penalties of perjury (18 U.S.C. § 1621), making false statements or declarations in grand jury or court proceedings (18 U.S.C. § 1623), contempt (18 U.S.C. §§ 401-402), and obstruction of justice (18 U.S.C. § 1503, *et seq.*);

(g) Rothman agrees to consent to such adjournments of his sentence as may be requested by the Antitrust Division; and

(h) Rothman agrees to commit no further crimes whatsoever.

3.  Rothman agrees that any assistance he may provide to federal criminal investigators in connection with any Federal Proceeding shall be pursuant to the specific instructions and control of the Antitrust Division and those federal criminal investigators.

## GOVERNMENT'S AGREEMENT

4.  Subject to the full, truthful, and continuing cooperation of Rothman, as described in Paragraph 2 of this Agreement, and upon the Court's acceptance of the guilty pleas called for by this Agreement, Rothman will not be further prosecuted criminally by the Antitrust Division of the Department of Justice, and with respect to tax crimes, by the Tax Division of the Department of Justice, for crimes committed prior to the date of this Agreement arising from the following activity (to the extent that Rothman has disclosed his participation in such criminal activity to the United States as of the date of this Agreement): (a) a conspiracy to allocate and rig bids for investment agreements or other municipal finance contracts, from at least as early as 2001 until at least November 2006; and (b) a conspiracy or scheme to defraud municipal issuers and the Internal Revenue Service, including through the use of the mails or wires, from at least as early as 2001 until at least November 2006. This Agreement does not provide protection against prosecution for any crimes except as set forth above. The non-prosecution terms of this paragraph do not apply to civil matters of any kind or crimes of violence.

5.  It is understood that this Agreement does not bind any other federal agency or local prosecuting authority or administrative agency other than the Antitrust Division

of the United States Department of Justice or, to the extent set forth in paragraph 4, the Tax Division of the United States Department of Justice. However, if requested, the Antitrust Division will bring the fact, manner and extent of the cooperation of Rothman to the attention of other prosecuting, administrative, and other agencies as a matter for such agencies to consider as appropriate.

## POSSIBLE MAXIMUM SENTENCE

6. Rothman understands that the statutory maximum penalty which may be imposed against him upon conviction for a violation of Title 15, Section 1 charged in Count One is:

    (a) a term of imprisonment of ten (10) years (15 U.S.C. § 1);

    (b) a fine in an amount equal to the greatest of (1) $1,000,000, (2) twice the gross pecuniary gain to any person derived from the offense, or (3) twice the gross pecuniary loss caused to a person other than the defendant from the offense (15 U.S.C. § 1, 18 U.S.C. § 3571(b) and (d)); and

    (c) a term of supervised release of three (3) years following any term of imprisonment. If the defendant violates any condition of supervised release, the defendant could be imprisoned up to two (2) years (18 U.S.C. § 3559(a)(3); 18 U.S.C. § 3583(b)(2) and (e)(3); and U.S.S.G. §5D1.2(a)(2)).

7. In addition, Rothman understands that:

    (a) pursuant to U.S.S.G. § 5E1.1 or 18 U.S.C. §§ 3663(a)(3) or

3583(d), the Court may impose an order of restitution to the victim(s) of the offense; and

(b) pursuant to 18 U.S.C. § 3013(a)(2)(A), the Court is required to order the defendant to pay a $100.00 special assessment upon conviction for the charged crime.

8. In addition, Rothman understands that the statutory maximum penalty which may be imposed against him upon conviction for a violation of Title 18, Section 371 charged in Count Two is:

(a) a term of imprisonment of five (5) years (18 U.S.C. § 371);

(b) a fine in an amount equal to the greatest of (1) $250,000, (2) twice the gross pecuniary gain to any person derived from the offense, or (3) twice the gross pecuniary loss caused to a person other than the defendant from the offense (18 U.S.C. § 3571(b) and (d)); and

(c) a term of supervised release of three (3) years following any term of imprisonment. If the defendant violates any condition of supervised release, the defendant could be imprisoned up to two (2) years (18 U.S.C. § 3559(a)(4); 18 U.S.C. § 3583(b)(2) and (e)(3); and U.S.S.G. §5D1.2(a)(2)).

9. In addition, Rothman understands that:

(a) pursuant to 18 U.S.C. §§ 3663, 3663A and 3664, the Court shall impose an order of restitution to the victim(s) of the offense; and

(b) pursuant to 18 U.S.C. § 3013(a)(2)(A), the Court is required to

order the defendant to pay a $100 special assessment upon conviction for the charged crime.

10. In addition, Rothman understands that the statutory maximum penalty which may be imposed against him upon conviction for a violation of Title 18, Section 1343 charged in Count Three is:

    (a) a term of imprisonment of twenty (20) years (18 U.S.C. § 1343);

    (b) a fine in an amount equal to the greatest of (1) $250,000, (2) twice the gross pecuniary gain to any person derived from the offense, or (3) twice the gross pecuniary loss caused to a person other than the defendant from the offense (18 U.S.C. § 3571(b) and (d)); and

    (c) a term of supervised release of three (3) years following any term of imprisonment. If the defendant violates any condition of supervised release, the defendant could be imprisoned up to two (2) years (18 U.S.C. § 3559(a)(3); 18 U.S.C. § 3583(b)(2) and (e)(3); and U.S.S.G. §5D1.2(a)(2)).

11. In addition, Rothman understands that:

    (a) pursuant to 18 U.S.C. §§ 3663, 3663A and 3664, the Court shall impose an order of restitution to the victim(s) of the offense; and

    (b) pursuant to 18 U.S.C. § 3013(a)(2)(A), the Court is required to order the defendant to pay a $100 special assessment upon conviction for the charged crime.

## SENTENCING AGREEMENT

12. Rothman understands that the sentence to be imposed on him is within the sole discretion of the sentencing judge. It is understood that the Sentencing Guidelines are not binding on the Court. Rothman acknowledges that his entry of guilty pleas to the charged offenses authorizes the sentencing court to impose any sentence, up to and including the statutory maximum sentence. The United States cannot and does not make any promises or representations as to what sentence Rothman will receive. However, the United States will inform the Probation Office and the Court of (a) this Agreement; (b) the nature and extent of Rothman's activities with respect to this case, and all other activities of Rothman which the United States deems relevant to sentencing; and (c) the timeliness, nature, extent and significance of Rothman's cooperation with the United States. In so doing, the United States may use any information it deems relevant, including information provided by Rothman both prior and subsequent to the signing of this Agreement. The United States reserves the right to make any statement to the Court or the Probation Office concerning the nature of the offenses charged in the attached Information, the participation of Rothman therein, and any other facts or circumstances that it deems relevant. The United States also reserves the right to comment on or to correct any representation made by or on behalf of Rothman, and to supply any other information that the Court may require.

13. If the United States determines that Rothman has provided substantial assistance in any Federal Proceeding, and has otherwise fully complied with all of the

terms of this Agreement, it will file a motion, pursuant to U.S.S.G. §5K1.1, advising the sentencing judge of all relevant facts pertaining to that determination and requesting the Court to sentence Rothman in light of the factors set forth in U.S.S.G. §5K1.1(a)(1)-(5), and thus enabling the Court, in its discretion, to impose a sentence below the applicable Sentencing Guidelines ranges for incarceration and fine. The United States and Rothman are free to recommend or argue for any specific sentence to the Court.

14. Rothman understands that this Agreement does not in any way affect or limit the right of the United States to respond to and take positions on post-sentencing motions or requests for information that relate to reduction or modification of sentence.

15. Rothman acknowledges that the decision whether he has provided substantial assistance in any Federal Proceeding is within the sole discretion of the United States. It is understood that should the United States determine that Rothman has not provided substantial assistance in any Federal Proceeding, such a determination will release the United States from any obligation to file a motion pursuant to U.S.S.G. §5K1.1, but will not entitle Rothman to withdraw his guilty pleas once they have been entered. Rothman further understands that whether or not the United States files its motions pursuant to U.S.S.G. §5K1.1, the sentence to be imposed on him remains within the sole discretion of the sentencing judge.

16. It is understood that should the United States determine in good faith, subsequent to the filing of a motion pursuant to U.S.S.G. §5K1.1 of the Sentencing

Guidelines, that Rothman has violated any provision of this Agreement, the Antitrust Division shall have the right to withdraw such motion.

17. Rothman understands and agrees that should the conviction following his pleas of guilty pursuant to this Agreement be vacated for any reason, then any prosecution that is not time-barred by the applicable statute of limitations on the date of the signing of this Agreement may be commenced or reinstated against him, notwithstanding the expiration of the statute of limitations between the signing of this Agreement and the commencement or reinstatement of such prosecution. It is the intent of this Agreement to waive all defenses based on the statute of limitations with respect to any prosecution that is not time-barred on the date that this Agreement is signed.

## REPRESENTATION BY COUNSEL

18. Rothman has reviewed all legal and factual aspects of this case with his attorney and is fully satisfied with his attorney's legal representation. Rothman has thoroughly reviewed this Agreement with his attorney and has received satisfactory explanations from his attorney concerning each paragraph of this Agreement, and alternatives available to Rothman other than entering into this Agreement. After conferring with his attorney and considering all available alternatives, Rothman has made a knowing and voluntary decision to enter into this Agreement.

## VOLUNTARY PLEA

19. Rothman hereby acknowledges that he has accepted this Agreement and

decided to plead guilty because he is in fact guilty. By entering pleas of guilty, Rothman waives any and all right to withdraw his pleas or to attack his conviction, either on direct appeal or collaterally, on the ground that the United States has failed to produce any discovery material, Jencks Act material, exculpatory material pursuant to <u>Brady v. Maryland</u>, 373 U.S. 83 (1963), other than information establishing the factual innocence of Rothman, and impeachment material pursuant to <u>Giglio v. United States</u>, 405 U.S. 150 (1972), that have not already been produced as of the date of the signing of this Agreement.

20. Rothman's decision to enter into this Agreement and to tender pleas of guilty is freely and voluntarily made and is not the result of force, threats, assurances, promises, or representations other than the representations contained in this Agreement. The United States has made no promises or representations to Rothman as to whether the Court will accept or reject the recommendations contained within this Agreement.

## VIOLATION OF PLEA AGREEMENT

21. Rothman agrees that should the United States determine in good faith that Rothman has given false, misleading, or incomplete information or testimony, or that Rothman has failed in any other way to fulfill any of the obligations set out in this Agreement, the United States shall notify counsel for Rothman in writing by personal or overnight delivery or facsimile transmission of its intention to void any of its obligations under this Agreement (except its obligations under this paragraph), and Rothman will be

subject to prosecution for any federal criminal violation of which the United States has knowledge, including but not limited to the substantive offenses relating to the investigation resulting in this Agreement. It is the intent of this Agreement to waive all defenses based on the statute of limitations with respect to any prosecution that is not time-barred on the date that this Agreement is signed.

22. If Rothman violates any provision of this Agreement, he agrees that any documents, statements, information, testimony or evidence provided by him, whether before or after the execution of this Agreement, and any leads derived therefrom, shall be admissible in evidence in any and all criminal proceedings hereafter brought against Rothman, and that he will not assert a claim under the United States Constitution, any statute, Rule 410 of the Federal Rules of Evidence, or any other federal rule, that such evidence, or any leads therefrom, should be suppressed.

## ENTIRETY OF AGREEMENT

23. This Agreement constitutes the entire agreement between and among the United States and Rothman concerning the disposition of the charges contained in the attached Information. The United States has made no other promises to or agreements with Rothman. This Agreement cannot be modified other than in a writing signed by the parties.

Dated:

_____
MATTHEW ADAM ROTHMAN

_____ 2/1/10
JOSHUA A. GOLDBERG, ESQ.
Counsel for
MATTHEW ADAM ROTHMAN

_____
REBECCA MEIKLEJOHN

_____
STEVEN TUGANDER

_____
KEVIN B. HART

_____
MICHELLE O. RINDONE

Attorneys, Department of Justice
Antitrust Division
26 Federal Plaza, Room 3630
New York, NY 10278
Phone: (212) 264-0656